IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR THE RMAC TRUST, SERIES 2018 G-CTT, <br><br> Plaintiff, <br><br> v. <br><br> STEFFONE FOWLER AND JESSICA L. FOWLER, INDIVIDUALLY AND AS NEXT-FRIEND FOR AARON FOWLER, <br><br> Defendants. | Civil Action No. |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2018 G-CTT ("U.S. Bank" or "Plaintiff") and files this its *Original Complaint* against and Steffone Fowler and Jessica L. Fowler, individually and as Next-Friend for Aaron Fowler ("Defendants"), and would respectfully show the Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a national association and trustee of a traditional trust. When a trustee is the real party in interest to the suit, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). When the trustee has the power to sue or be sued in its own name (and does so), it is the real party in interest. *Navarro*, 446 U.S. at 464–66; *Rivas v. U.S. Bank N.A.*, No. H-14-3246, 2015 U.S. Dist. LEXIS 74505 **3–4 (S.D. Tex. June 9, 2015). A national

banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). U.S. Bank has its main office in Ohio. Therefore, U.S. Bank is a citizen of Ohio for diversity purposes.

2. Decedent Ennis Arlaundo Fowler ("Decedent") was an obligor under the Loan Agreement. Decedent died on or about February 10, 2008. Upon information and belief, no probate is open for Decedent's estate in the county where the subject property is located or the county where he died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of Decedent's estate.

3. Defendant Steffone Fowler is a citizen of Texas and the son of Decedent. He may be served with process at his residence, 4900 E. Oltorf Street, Apt 419, Austin, Texas 78741, or at such other place as he may be found. Summons is requested

4. Jessica L. Fowler, individually and as Next-Friend for Aaron Fowler is a citizen of Virginia and borrower under the Loan Agreement. Aaron Fowler is a citizen of Virginia and the son of Decedent. Since Defendant Aaron Fowler is a minor, Plaintiff names Defendant Jessica L. Fowler as his Next-Friend, pursuant to Federal Rule of Civil Procedure 17(c)(2). Defendant Jessica L. Fowler may be served with process at her residence, 13818 Mangrove Bay Drive, Chester, Virginia 23836, or at such other place as she may be found. Summons is requested.

5. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. Due to Defendants' conduct, as alleged herein, Plaintiff has the right to foreclose upon real property which secures a debt pursuant to a security instrument. In an action for

declaratory or injunctive relief, the amount in controversy for jurisdictional purposes is measured by the "value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983). If unable to foreclose on the Property, Plaintiff stands to lose the value of the Property, plus any associated interest. Therefore, the value of the Property determines the amount in controversy. *See e.g., McDonald v. Deutsche Bank Nat. Trust Co.*, 3:11-CV-2691-B, 2011 U.S. Dist. LEXIS 146040, 2011 WL 6396628 (N.D. Tex. Dec. 20, 2011) (holding that declaratory requests in foreclosure "call[] into question the right to the property in its entirety and the amount in controversy is equal to the value of the property"). According to the Guadalupe County Central Appraisal District Website, the Property involved in this matter is valued at $246,005.00. Therefore, the amount in controversy is well in excess of $75,000.00.

6. Additionally, attorney's fees are included in the amount in controversy. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981). Plaintiff estimates that attorney's fees will be in excess of $15,000.00 through trial.

7. Venue is proper in this district and division, the United States District Court for the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

## II. SUMMARY OF FACTS

8. On or about May 22, 2013, Decedent Ennis Arlaundo Fowler executed that certain *Note* (the "Note") in the original principal amount of $199,663.00 payable to NTFN, Inc. and bearing interest at the rate of 3.375% per annum. A true and correct copy of the Note is attached hereto as <u>Exhibit A.</u>

9. Concurrently with the Note, Decedent and Defendant Jessica L. Fowler (together as "Borrowers") executed that certain *Deed of Trust* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for NTFN, Inc., a security interest in certain real property and improvements located in Guadalupe County, Texas commonly known as 532 Wagon Wheel Way, Cibolo, Texas 78108, and more particularly described as:

> LOT 31, BLOCK 15, CIBOLO VALLEY RANCH SUBDIVISION UNIT 8, IN THE CITY OF CIBOLO, GUADALUPE COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 7, PAGES 697-700, MAP/PLAT RECORDS OF GUADALUPE COUNTY, TEXAS.

(the "Property"). The Security Instrument was recorded in the Real Property Records for Guadalupe County, Texas on May 29, 2013 under Volume 4089, Page 0149. A true and correct copy of the Security Instrument is attached hereto at Exhibit B.

10. The Loan was subsequently transferred from MERS, as nominee for NTFN, Inc. to Wells Fargo Bank, N.A., as evidenced by that certain *Corporate Assignment of Deed of Trust* ("First Assignment") executed on September 22, 2015 and recorded in the Real Property Records of Guadalupe County, Texas under Document No. 2015020782. A true and correct copy of the Assignment is attached hereto as Exhibit C.

11. The Loan was then subsequently transferred from Wells Fargo Bank, N.A., to U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2018 G-CTT, as evidenced by that certain *Corporate Assignment of Deed of Trust* ("Second Assignment") executed on March 4, 2021 and recorded in the Real Property Records of Guadalupe County, Texas under Document No. 202199008629. A true and correct copy of the Assignment is attached hereto as Exhibit D.

12. Plaintiff is the current legal owner and holder of the Note endorsed in blank and the mortgagee as that term is defined in section 51.0001(4) of the Texas Property Code.

13. Under the terms of the Loan Agreement, the Borrowers are required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

14. The Loan Agreement further provides that should the Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

15. On February 10, 2018, Decedent Ennis Arlaundo Fowler passed away. No probate was ever opened for him. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, his heirs acquired all of his interest in the Property immediately upon his death—subject to the Loan Agreement debt owed to Plaintiff.

16. Though some, if not all, of the heirs have had the use, benefit, and enjoyment of the Property, they have failed or refused to pay make payments on the Note and have failed to comply with any and all the covenants and conditions of the Security Instrument.

17. The Loan Agreement is in default as of May 1, 2020. A Notice of Default was served in accordance with the Loan Agreement and the Texas Property Code on July 10, 2020. A true and correct copy of the Notice of Default is attached hereto as <u>Exhibit E.</u>

18. The default was not cured. On April 15, 2021, a *Notice of Acceleration of Loan Maturity* ("Notice of Acceleration") was served in accordance with the Loan Agreement and the

Texas Property Code. A true and correct copy of the Notice of Acceleration is attached hereto as Exhibit F.

19. In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

### III. CAUSE OF ACTION – STATUORTY PROBATE LIEN

20. The foregoing paragraphs are incorporated by reference for all purposes.

21. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

> a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *" . . . the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law. . ."*
>
> b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and
>
> c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance*

> *taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

22. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### IV. CAUSE OF ACTION – DECLARATORY JUDGMENT

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

25. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of the heirs' failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against the heirs for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Borrowers.

### V. CAUSE OF ACTION - FORECLOSURE

26. The foregoing paragraphs are incorporated by reference for all purposes.

27. Plaintiff asserts a cause of action for judicial foreclosure against Defendants. Plaintiff has fully performed its obligations under the Loan Agreement, however, Defendants have failed to make the payments for the Property required under the Note.

28. The Security Instrument permits Plaintiff to foreclose on the Property should there be an event of default on the Note. Accordingly, Plaintiff seeks judgment in its favor and an order allowing foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment for judicial foreclosure.

29. Plaintiff has been forced to hire the undersigned attorneys to pursue this claim; Plaintiff is therefore entitled to and seeks judgment against Defendants for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Loan Agreement. Plaintiff seeks an award of attorney's fees as a further obligation on the Note and not as a money judgment against Defendants, personally.

30. All conditions precedent have been performed or have occurred.

## VI. TRESSPASS TO TRY TITLE

31. Concurrent with Plaintiff acquiring all of Defendants' right, title and interest in the Property by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure, public auction, or foreclosure under Texas Rule of Civil Procedure 309, Plaintiff seeks a declaration and judgment under 28 U.S. Code § 2201, that Defendants are divested of all of their right, title and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff.

## VII. WRIT OF POSSESSION

32. If any person occupies or claims possession of the Property after transfer of all right, title and interest in the Property by trustee's or sheriff's deed, Plaintiff requests a writ of possession against Occupant in accordance with Texas Rule of Civil Procedure 310.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final hearing, that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. a declaration that all of Decedents' heirs-at-law have been made parties to this suit and are vested with all of Decedents' right, title, and interest in the Property;

b. a declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

c. a declaration that due to a breach of the Loan Agreement, Plaintiff's statutory probate lien against the Property shall be enforced by a foreclosure or public auction; or alternatively, a judgment for judicial foreclosure; and that through the foreclosure or auction the Defendants are divested and Plaintiff is vested with all of the right, title, and interest to the Property;

d. a writ of possession against any Occupant of the Property who fails or refuses to leave the Property after foreclosure or auction;

e. attorneys' fees and costs of suit, not as a personal judgment against the Defendants, but only as an additional debt secured by the Security Instrument; and

f. all other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**JONATHAN C. SMITH**
Texas Bar No. 24103940
jsmith@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2650 (Phone)
214-635-2686 (Fax)

**ATTORNEYS FOR PLAINTIFF**